**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**NOAH SAMUELS, JR,**

> **Petitioner,**

> **v.**

**Civil action no. 1:05cv11**
**Criminal action no. 1:03cr32**
**(Judge Keeley)**

**UNITED STATES OF AMERICA,**

> **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 19, 2005, pro se petitioner Noah Samuels, Jr. filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence. On the same day, the petitioner also filed a motion for appointment of counsel. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.15.

On February 18, 2005, the magistrate judge ordered the respondent to answer the motion. On June 14, 2005, the respondent filed United States' Response to Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. In its response, the Government asserted that in paragraph 10 of his plea agreement, Samuels waived his appellate rights both on direct appeal and collateral attacks under 18 U.S.C.

## ORDER ADOPTING REPORT AND RECOMMENDATION

§2255. Specifically, paragraph 10 of Samuels' plea agreement

states:

> Mr. Samuels in aware that Title 18, United
> States Code, Section 3742 affords a defendant
> the right to appeal the sentence imposed.
> Acknowledging all this, the defendant
> knowingly waives the right to appeal any
> sentence within the maximum provided in the
> statute of conviction (or the manner in which
> that sentence was determined) on grounds set
> forth in Title 18, United States Code, Section
> 3742 or on any ground whatever, in exchange
> for the concessions made by the United States
> in this plea agreement. The defendant also
> waives his right to challenge his sentence or
> the manner in which it was determined in any
> collaterally attack, including, but not
> limited to, a motion brought under Title 28,
> United States Code, Section 2255. The United
> States waives its right to appeal the
> sentence. The parties have the right during
> any appeal to argue in support of the
> sentence.

Therefore, the Government stated that the petitioner's §2255 motion

should be denied.

On September 29, 2005, Magistrate Judge Kaull issued a Report

and Recommendation recommending that the Court deny both the

petitioner's §2255 motion and motion for appointment of counsel.

The magistrate judge found that Samuels' §2255 motion should be

denied because the petitioner voluntarily and knowingly waived his

right to appeal and to collaterally attack his sentence when he

executed the plea agreement and subsequently entered his guilty

plea before this Court. The petitioner has also waived his right to

## ORDER ADOPTING REPORT AND RECOMMENDATION

assert a claim under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004),
and the present §2255 motion is not complex and does not require
discovery or an evidentiary hearing. Therefore, Magistrate Judge
Kaull found that the petitioner failed to demonstrate the need for
appointment of counsel.

The Report and Recommendation specifically warned Samuels that
his failure to object to Magistrate Judge Kaull's recommendation
would result in the waiver of his right to appeal from a judgment
of this Court based upon the magistrate judge's recommendation.
Nevertheless, Samuels has not filed any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation
in its entirety and **ORDERS** Samuels' case **DISMISSED WITH PREJUDICE**
and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the
petitioner.

Dated: October ____19____, 2005.

_Irene M. Keeley_
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Samuels' failure to object to the Report and Recommendation not only
waives his appellate rights in this matter, but also relieves the Court of any
obligation to conduct a <u>de novo</u> review of the issue presented.  <u>See</u> <u>Thomas v.
Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-
200 (4th Cir. 1997).